UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 22 CR 73 |
| v. | ) | Honorable Andrea R. Wood |
| | ) | |
| JEROME BYCHOWSKI, | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OTHER-ACTS EVIDENCE

NOW COMES, the Defendant, JEROME BYSHOWSKI, by and through his standby attorney, QUINN A. MICHAELIS, and respectfully moves this Honorable Court to issue an order precluding the Government from presenting specific evidence of other crimes to the jury pursuant to Fed. R. Evid. Rule 404(b) and 403. Defendant states to the Court the following in support of his opposition:

### INTRODUCTION

On June 26, 2023, the government filed a First Supplemental Motions in Limine (Doc. at 162). The government seeks to limit Mr. Bychowski from questioning proposed government witness Omar Baker about a previous conviction. From that motion in limine, it appears that the government intends to question witness Baker about an interaction he had with Mr. Bychowski in January of 2022 in which Mr. Bychowski "threatened to blow up his convenience store." During that interaction, Mr. Bychowski purportedly said "I'm not scared of no motherfucker, I spit in an FBI agent's face…if I do that, I'll fuck anybody up." (D0c. 162, pg. 2). This

purported incident is offered for propensity purposes only and is unfairly prejudicial. As such, this Court should bar the government's proffered evidence.

## ARGUMENT

Under Federal Rule of Evidence 404(b), "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but may be admissible for "other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." However, "Rule 404(b) excludes [other acts] evidence if its relevance to 'another purpose' is established *only* through the forbidden propensity inference." *United States v. Gomez*, 763 F.3d 845, 855 (7th Cir. 2014)(en banc). If the court determines that the evidence is relevant for a non-propensity purpose, "the court may still exclude the evidence under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice." *Id.* at 856-57.

The Seventh Circuit has cautioned that it is not sufficient to point to a "permitted" purpose and assert that other-act evidence is relevant to that permitted purpose. *Id.* at 854. To this end, the Court must "not just ask whether the proposed other-act evidence is relevant to a non-propensity purpose, but how exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference." *Id.* at 856.

Although not characterized as other acts evidence, the government's proffered evidence from Omar Baker is impermissible propensity evidence to show that on January 12, 2022, Mr. Bychowski acted in accordance with his character,

and this evidence creates a high risk of prejudice. Even if the government is not intending to use this evidence as "bad acts" evidence, the evidence still should be excluded under Rule 403.

Any rationale justifying the probative value of the other acts evidence (here, Omar Baker's assertion that Mr. Bychowski threatened to blow up his convenience store, and his statements about not being afraid of anyone and that he'll "fuck anybody up.") relies completely on a theory that Mr. Bychowski has a propensity to threaten people. Before such evidence can be admitted, the government must establish a propensity-free chain of reasoning by showing "exactly how the proffered evidence should work in the mind of a juror to establish the fact the government claims to be trying to prove." *United States v. Miller*, 673 F.3d 688, 699 (7th Cit. 2012). The central issue of this case will be whether Mr. Bychowski forcibly assaulted or interfered with Special Agent Molesky. *See* 18 U.S.C. § 111(a). Part and parcel of the "assault" element is whether Mr. Bychowski "intentionally inflicted, attempted to inflict, or threatened to inflict bodily injury upon another person with the apparent and present ability to cause such injury that creates in the victim a reasonable fear or apprehension of bodily harm." *See* Pattern Jury Instruction for the Seventh Circuit, 2022 ed, at 190. The fact that the government can point to another instance in which Mr. Bychowski purportedly made a threat to Omar Baker cannot establish Mr. Bychowski's motive, intent, knowledge, absence of mistake, and lack of accident without relying on impermissible propensity evidence. Rather, it will tell the jury that because Mr. Bychowski did this act once, he must

have intended to do it before. *Miller*, 673 F.3d at 699. That "is precisely the forbidden propensity inference." *Id.*

Even if the evidence is relevant for a permissible purpose, and it is not, any relevance is substantially outweighed by the danger of unfair prejudice. Fed R. Evid. 403. Evidence is unfairly prejudicial "if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *United States v. Curry*, 79 F.3d 1489, 1498 (7th Cir. 1996). Of potential concern is that Omar Baker's testimony will confuse the jury and inflame their passions by bringing in an irrelevant purported threat to a local business owner to do some harm to him, and blow up his business.

## CONCLUSION

For the above stated reasons, Mr. Bychowski respectfully request that government be precluded from introducing into evidence testimony from Omar Baker that Mr. Bychowski threatened him, and specifically that he would cause harm to him and his business.


Respectfully submitted,

s/Quinn A. Michaelis
_____
Quinn A. Michaelis
Standby Attorney for JEROME BYCHOWSKI
Attorney ID No. IL 6293379
73 W. Monroe, Suite 106
Chicago, IL 60601
(312)714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023 I electronically filed the above

**DDEFENDANT'S MOTION IN LIMINE TO EXCLUDE OTHER-ACTS EVIDENCE**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on June 26, 2023.