FILED
7/3/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 22-cr-00073 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| JEROME A. BYCHOWSKI | ) | |

## <u>JURY INSTRUCTIONS</u>

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charge against the Defendant is in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the Defendant assaulted and interfered with a federal officer. The Defendant has pleaded not guilty to the charge.

The indictment is simply the formal way of telling the Defendant what crime he is accused of committing. It is not evidence that the Defendant is guilty. It does not even raise a suspicion of guilt.

The Defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the Defendant is guilty as charged.

The Government has the burden of proving the Defendant's guilt beyond a reasonable doubt. This burden of proof stays with the Government throughout the case.

The Defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

The Defendant, Jerome Bychowski, has decided to represent himself in this trial and not use the services of a lawyer. He has a constitutional right to do so. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case. That the Defendant has decided to represent himself should not weigh in favor of or against the Defendant or the Government.

Quinn Michaelis, a licensed attorney, acted as stand-by counsel. That means Attorney Michaelis was available to answer questions for the Defendant, if he wished. The Defendant declined the service.

Because the Defendant has decided to represent himself, you have heard him speak at various times during the trial. He made an opening statement and will make a closing argument. He asked questions of witnesses, made objections, and argued to the Court. I want to remind you that when the Defendant spoke in those parts of trial, it was no different than when any of the attorneys spoke or argued, and his words were not evidence. The only evidence in this case came from witnesses who testified under oath and exhibits that have been admitted in evidence.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how believable each witness was and how much weight to give each witness's testimony, including that of the Defendant. You may accept all of what a witness said, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement made before the trial to help you decide how believable a witness's testimony was here in court.

You have heard evidence that before the trial, the Defendant made statements that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by the Defendant made before the trial to help you decide how believable the Defendant's testimony was here in court, and also as evidence of the truth of whatever the Defendant said in the earlier statement.

You have heard evidence that the Defendant made a statement to FBI Special Agent Ward Yoder. You must decide whether the Defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the Defendant's personal characteristics and circumstances under which the statement may have been made.

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The Government must prove beyond a reasonable doubt that the Defendant is the person who committed the crime that is charged.

You have seen recordings capturing video and/or audio. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

I will provide you with the recordings and a device with instructions on its use. It is up to you to decide whether to watch the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard and/or saw during the trial.

During trial, a map and certain photographs were shown to you to help explain other evidence that was admitted. The map and photographs are not themselves evidence or proof of any fact, so you will not have the particular map and photographs during your deliberations.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

The indictment charges the Defendant with assaulting and interfering with a federal officer while engaged in the performance of official duties. In order for you to find the Defendant guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

1.  The Defendant forcibly assaulted or forcibly interfered with Special Agent Molesky; and

2.  The Defendant did so while Special Agent Molesky was engaged in the federal officer's official duties; and

3.  The Defendant's acts involved physical contact with the federal officer.

The Defendant did not need to know that the victim was a federal officer.

If you find from your consideration of all the evidence that the Government has proved each of these elements beyond a reasonable doubt, then you should find the Defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the Defendant not guilty.

"Assault" means to intentionally inflict, attempt to inflict, or threaten to inflict bodily injury upon another person with the apparent and present ability to cause such injury that creates in the victim a reasonable fear or apprehension of bodily harm. An assault may be committed without actually touching, striking, or injuring the other person.

Intentionally spitting on the face of another person constitutes assault.

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. A person also acts forcibly if he threatens or attempts to inflict bodily harm upon another, with the present ability to inflict bodily harm.

The element of force may be satisfied by proof of actual physical contact, including spit hitting a person.

In deciding your verdict, you should not consider the possible punishment for the Defendant. If you decide that the Government has proved the Defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media services like Facebook, Snapchat, LinkedIn, YouTube, Instagram and X (formerly known as Twitter), or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will receive the verdict form in the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the Government has proved its case beyond a reasonable doubt.